IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN P. MORGAN,

        Plaintiff,                    No. 2:12-cv-1287 LKK DAD

    v.

JANET NAPOLITANO,

        Defendant.               ORDER

_____/

        This matter came before the court on May 17, 2013, for hearing of plaintiff's motion to compel discovery. (Doc. No. 25.) Attorney Louis Demas appeared on behalf of plaintiff John Morgan. Assistant United States Attorney J. Earlene Gordon appeared on behalf of the defendant.

        Upon consideration of the parties' arguments as set forth in the joint statement of discovery disagreement filed May 10, 2013, (Doc. No. 26), and at oral argument, IT IS HEREBY ORDERED that plaintiff's April 24, 2013 motion to compel is granted in part and denied in part as follows:

/////

/////

/////

I. **Request For Production of Documents Nos. 7, 8, 9, 10,11 & Special Interrogatory Nos. 7, 8, 9, 10 and 12**

In these ten requests for production plaintiff seeks all documents, and the identity of all documents, relating to any investigations of defendant's employees from January 1, 2006 to the present for allegations concerning the unauthorized disclosure of investigative information, attempting to influence another employee or witness in an official investigation, failure to follow supervisory instructions, absence without leave, or presenting false statements in an application for employment or promotion. (Doc. No. 26 at 10-14, 18-20.)

Defendant objects to these requests arguing, in part, that they are extremely overbroad and unduly burdensome. The Court agrees. Accordingly, plaintiff's motion to compel is denied as to these requests for production and special interrogatories.

II. **Request For Production of Documents No. 1**

Plaintiff's request for production seeks Report Number 001, Case Number 200907113, Administrative Inquiry Report, CANTON, MARIO/SUPVY/CRIM/INVSTGR/ Falsifications/SAN FRANCISCO, SAN FRANCISCO, CA ("Administrative Inquiry Report") completed and approved September 11, 2009. (Doc. No. 26 at 8.) In this regard, plaintiff asserts that Canton played some role in plaintiff's 2007 suspension, that the same Office of Professional Responsibility Supervisor supervised investigations into the conduct of plaintiff and Canton, and that Canton's investigation concluded with Canton not receiving any punishment for his alleged actions despite the fact that the allegations against Canton were more egregious than those alleged against plaintiff. (Doc. No. 26 at 6, 8.) Plaintiff acknowledges that copies of these documents were produced in the parties' prior action, Case No. 2:09-cv-2649 LKK DAD, but argues that it is necessary for him to view the original file to determine precisely how the defendant responded to the allegations involving Canton.

Defendant argues that the documents in question were produced to plaintiff's counsel in the other action confidentially with the understanding that they would not be used

unless the parties entered into a stipulated protective order which has not occurred.

Given that the documents requested appear to be potentially relevant to the subject matter of this litigation, and in light of the fact that copies have already been produced to plaintiff in Case No. 2:09-cv-2649 LKK DAD, the Court will grant plaintiff's request and order defendant to make the original documents available for plaintiff's inspection.

**III.  <u>Request For Production of Documents No. 2</u>**

Plaintiff's request for production seeks all documents created subsequent to the completion of the Administrative Inquiry Report on September 11, 2009 that refer to Mario Canton disclosing investigative information.  In this regard, plaintiff's counsel argues that "after production of the documents," plaintiff made a demand that Canton be investigated for allegations of misconduct and thus defendant should have investigated Canton in response to plaintiff's demand.[3]  (Doc. No. 26 at 9.)

Plaintiff's employment with defendant, however, was terminated in 2009.  (<u>Id</u>.) The court fails to see how documents created in response to a call for an investigation received well after plaintiff's employment with defendant ended are in any way relevant to this action. Accordingly, plaintiff's motion to compel is denied as to this request for production.

**IV.  <u>Request For Production of Documents No. 4</u>**

This request for production seeks all documents setting out or describing the policies and procedures for responding to information or allegations referring to the Administrative Inquiry Report received after September 11, 2009.  (Doc. No. 26 at 10.) Specifically, plaintiff's "request asks for policies and procedures for investigations of new allegations after a report has been completed."  (<u>Id</u>.)

It is entirely unclear, however, how such documents are relevant to this action given that plaintiff's employment with defendant ended in 2009.  Accordingly, plaintiff's motion

---

[3]  Presumably plaintiff is referring to either the production of documents in this matter or in the prior case, No. 2:09-cv-2649 LKK DAD.

3

to compel is denied as to this request for production.

**V.  Request For Production of Documents No. 12 & Special Interrogatory No. 13**

Plaintiff's Request for Production No. 12 seeks all background investigations conducted by defendant after every promotion received by Mario Canton for the period from January 1, 2006 to the present, while his Special Interrogatory No. 13 asks defendant to identify all documents related to those background investigations.  (Doc. No. 26 at 14, 20.)  Plaintiff argues that under the applicable procedures, plaintiff and Canton were required to undergo a background investigation in response to a promotion, that plaintiff was repeatedly investigated and that plaintiff is entitled to know if Canton was treated differently.  (Id. at 15.)  Defendant argues that plaintiff's request is not calculated to lead to the discovery of admissible evidence.  (Id.)

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, absent good cause being shown discovery must relate more directly to a "claim or defense" than it did prior to the amendments of 2000.  Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 968 (9th Cir. 2004); see also Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004) ("Rule 26 states that, in general, any matter relevant to a claim or defense is discoverable.").  Nonetheless, even in this context, "[r]elevance has been broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Vondersaar v. Starbucks Corp., No. C 13-80061 SI, 2013 WL 1915746, at *1 (N.D. Cal. May 8, 2013) (citing Hickman v. Taylor, 329 U.S. 495, 506-07 (1947)).  Here, the undersigned finds the requested discovery potentially relevant to plaintiff's claims in this litigation.

However, defendant also objects to plaintiff's request as overbroad and burdensome.  The court agrees to the extent plaintiff is seeking the production of documents dating from January 1, 2006 to the present, particularly in light of the fact that plaintiff's employment ended in 2009.  Accordingly, plaintiff's requests will be granted and defendant shall produce responsive documents, and respond to the special interrogatory, with respect to the five

4

year period from January 1, 2006 through January 1, 2011.

**VI.  Request For Production of Documents No. 14 & Special Interrogatory No. 15**

Plaintiff's Request for Production of Documents No. 14 seeks all background investigations conducted by defendant after every promotion received by a Timothy Rivero for the period beginning January 1, 2006 to the present, while plaintiff's Special Interrogatory No. 15 asks defendant to identify all documents relating to those investigations.  (Doc. No. 26 at 15, 20.) Plaintiff asserts that an arbitrator overturned his August 10, 2007, 14-day suspension based, in part, upon the arbitrator's finding that Timothy Rivero conducted an illegal search and seizure of plaintiff's property.  Rivero resigned his employment thereafter but was later reinstated.  As a result, according to plaintiff, Rivero should have been subjected to a background investigation. Plaintiff argues that he is entitled to know if Rivero was subjected to a background investigation and if Rivero's prior wrongful conduct was revealed as part of that investigation.  (Id. at 16.) Defendant objects to the request as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.  (Id.)

Pursuant to the broad construction given to relevance in the discovery context outlined above, the Court finds the requested discovery potentially relevant to plaintiff's claims in this action.  However, the Court also finds plaintiff's request overbroad and burdensome with respect to the time period for which these documents are sought.  Accordingly, plaintiff's requests will be granted and defendant will be ordered to produce documents responsive to this request, and respond the special interrogatory, for the period from August 10, 2007 through January 1, 2011.

**VII.  Request For Production of Documents No. 15 & Special Interrogatory No. 16**

This document request seeks all documents related to the reinstatement of Timothy Rivero to federal employment in 2009, while this special interrogatory asks defendant to identify all documents relating to that reinstatement of Rivero.  (Doc. No. 26 at 16, 21.)  In

/////

support of their respective positions, the parties cite to the arguments addressed in the preceding discovery request discussed above.

The Court finds plaintiff's discovery request, specifically the use of the phrase "all documents relating to," to be both overbroad and unduly burdensome. In short, these requests by plaintiff would presumably capture every document having anything to do with Rivero's reinstatement, no matter how irrelevant to plaintiff's claims in this action. Accordingly, plaintiff's motion to compel is denied as to both this request for production of documents and special interrogatory.

**VIII.  Request For Production of Documents No. 16 & Special Interrogatory No. 17**

Through these requests plaintiff seeks all documents related to the reassignment of a Rudy Negrete from Detroit, Michigan to Chicago, Illinois and for defendant to identify all documents relating to that reassignment. (Doc. No. 26 at 17, 21.) Defendant argues that plaintiff has failed to explain how Negrete's reassignment, years after his involvement with plaintiff, is related to any of plaintiff's claims in this action.

The Court agrees and also finds these discovery requests propounded by plaintiff to be both overbroad and unduly burdensome. Accordingly, plaintiff's motion to compel is denied as to this request for production and special interrogatory.

**IX.  Special Interrogatory No. 4**

Plaintiff's special interrogatory asks defendant to identify all documents setting out or describing the policies and procedures for responding to information or allegations referring to the Administrative Inquiry Report, received after September 11, 2009. (Doc. No. 26 at 17.) Specifically, plaintiff "asks for the policies and procedures for agency investigations of new allegations relevant to a closed report." (Id.) Defendant objects, asserting that plaintiff's request is overbroad, vague and ambiguous. The Court agrees, and also finds that the requested discovery does not appear relevant to any of plaintiff's claims in this action. Accordingly, plaintiff's motion to compel is denied as to this special interrogatory.

## CONCLUSION

Defendant shall produced the requested documents, allow plaintiff to view the original Administrative Inquiry Report in question and provide the further discovery responses ordered above within twenty-one days of the date of service of this order. All responses provided by defendant shall be produced subject to a stipulated protective order.[4]

**IT IS SO ORDERED.**

DATED: May 29, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD:6
Ddad1\orders.civil\morgan1287.oah.051713

---

[4] In the consolidated case, 2:09-cv-2649 LKK DAD, the undersigned denied a proposed stipulated protective order submitted by the parties because the order proposed by the parties granted them authority to designate documents to be filed under seal and to be submitted for in camera review. Counsel for the parties are forewarned that any proposed stipulated protective order filed with the Court may not grant the parties blanket authority to file documents under seal or to submit documents for in camera review, but rather must comply with Local Rules 141 and 141.1.