IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN P. MORGAN,

      Plaintiff,                      No. 2:12-cv-1287 LKK DAD

      v.

JANET NAPOLITANO,

      Defendant.                 <u>ORDER</u>

_____/

      This matter came before the court on June 21, 2013, for hearing of defendant's motion to quash and for a protective order, (Doc. No. 30), and of plaintiff's motion to quash. (Doc. No. 32.)  Attorney Louis Demas appeared on behalf of plaintiff John Morgan.  Assistant United States Attorney J. Earlene Gordon appeared on behalf of the defendant.

      Upon consideration of the parties' arguments as set forth in the joint statement of discovery disagreement ("JS") filed June 14, 2013 (Doc. No. 34) and at oral argument, for the reasons set forth below defendant's motion to quash and for a protective order will be granted in part and denied in part and plaintiff's motion to quash will be denied.

**I. <u>Defendant's Motion to Quash Deposition</u>**

      Defendant moves for an order quashing plaintiff's subpoena to depose Robert Stiriti.  Defendant contends that Mr. Stiriti "has already been deposed in this case," and thus

1

plaintiff must obtain leave of court to depose Mr. Stiriti a second time. (JS (Doc. No. 34) at 2.) Plaintiff argues that Mr. Stiriti has not been deposed in this action, but rather was deposed in the earlier filed, related case of <u>Morgan v. Napolitano</u>, 2:09-cv-2649 LKK DAD. (<u>Id.</u> at 8.)

Plaintiff shall be permitted to depose Robert Stiriti in this action. Plaintiff's questioning of Robert Stiriti, however, shall be limited to events occurring between January 1, 2006 through January 1, 2011, though plaintiff can inquire as to more recent events to the extent those more recent events directly relate to the January 1, 2006 through January 1, 2011 time period. Plaintiff's deposition questioning of Robert Stiriti's shall not be duplicative of questions asked of Robert Stiriti at his prior deposition in the related case and the deposition of Robert Stiriti in this action shall last no more than ninety minutes.

## II. **Plaintiff's Motion to Quash Deposition**

Plaintiff moves for an order quashing defendant's deposition subpoena issued to Rayna S. Becker, plaintiff's spouse and co-counsel of record on his behalf in this action. Plaintiff asserts that defendant's intention in deposing Rayna Becker is to disqualify her as co-counsel and/or to bar her from the courtroom when the rule against witnesses remaining in the courtroom during trial is invoked. (<u>Id.</u> at 10-13.) Defendant's counsel represented on the record at the hearing that plaintiff's concerns are "unwarranted" and that government has agreed that it will not move to disqualify or exclude from the courtroom Rayna Becker. (<u>Id.</u> at 14.)

In light of defense counsel's representations, the defendant will be permitted to depose Rayna Becker as to non-privileged matters. Rayna Becker, however, will be allowed to assert applicable privileges at her deposition and may not be compelled to answer questions to which she asserts such applicable privileges prior to a court ruling being obtained as to any challenged assertion of privilege.

## III. **Defendant's Motion for a Protective Order**

Defendant moves for a protective order forbidding plaintiff from inquiring "into the personal financial situation" of Mario Canton at Canton's scheduled deposition. (<u>Id.</u> at 17.)

1  Plaintiff opposes the motion, arguing that he is entitled to inquire into the area of personal
2  finances in order to test "Canton's veracity."  (Id. at 16.)
3  　　　　The court find's plaintiff argument unpersuasive.  The personal finances of the
4  witness appears to have no relevance to plaintiff's claims in this or the related action.
5  Accordingly, defendant's motion for a protective order is granted.

6  　　　　　　　　　　　　　　　　CONCLUSION
7  　　　　As set forth above, defendant's May 29, 2013 motion to quash and for a protective
8  order (Doc. No. 30) is granted in part and denied in part.  Plaintiff's May 31, 2013, motion to
9  quash (Doc. No. 32) is denied.
10  　　**IT IS SO ORDERED.**
11  DATED: June 28, 2013.
12
13  _____
    DALE A. DROZD
14  UNITED STATES MAGISTRATE JUDGE
15
16  DDAD:6
    Ddad1\orders.civil\morgan1287.oah.062113
17