UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. MORGAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JANET NAPOLITANO, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　Defendant. | No.  CIV. S-12-1287 LKK/DAD<br><br><br>**ORDER** |

　　Defendant Janet Napolitano has filed a motion for summary judgment, currently set for hearing on November 4, 2013. (ECF No. 40.)

　　After reviewing the parties' filings in support of, and in opposition to, the motion, the court has determined that several issues remain unaddressed:

　　1. Defendant asserts that plaintiff failed to exhaust administrative remedies with respect to claims that took place more than 45 days before the filing of his EEO complaints. In opposition, plaintiff alludes to various exceptions from the 45-day rule ("like or similar actions not required to be separately

1

1  charged," "retaliation and hostile environment," "continuous
2  nature of adverse actions"), but does not cite legal authority
3  for these exceptions, set forth the requisite elements for each
4  exception, or identify the evidence satisfying each element. The
5  court requires relevant briefing in order to decide the motion.
6      2. The U.S. Supreme Court recently held that "Title VII
7  retaliation claims require proof that the desire to retaliate was
8  the but-for cause of the challenged employment action." Univ. of
9  Texas Sw. Med. Ctr. v. Nassar, __ U.S. __, 133 S.Ct. 2517, 2528
10 (2013). Nassar addresses the standard to be applied at trial. It
11 is unclear whether, in deciding a motion for summary judgment on
12 a Title VII retaliation claim, the court should now apply a but-
13 for standard or the mixed-motive standard that the Ninth Circuit
14 has till now applied in such cases. See, e.g., Stegall v. Citadel
15 Broad. Co., 350 F.3d 1061 (9th Cir. 2003) ("We analyze
16 [plaintiff's] case as both a pretext case and a mixed motives
17 case, and find that her case survives summary judgment under
18 either theory."). The court requires briefing on this topic in
19 order to decide the motion.
20     Accordingly, the court hereby orders as follows:
21     [1] The parties are DIRECTED to file opening briefs of no
22     more than fifteen (15) pages in length which address the
23     matters raised above, and if they wish, reply briefs of no
24     more than ten (10) pages in length. Opening briefs are due
25     no later than November 12, 2013 and reply briefs, if any,
26     are due no later than November 18, 2013.

[2] The hearing on defendant's motion for summary judgment is CONTINUED to December 9, 2013 at 10:00 a.m.

[3] The Final Pretrial Conference currently set for December 16, 2013, at 1:30 p.m. is CONTINUED to January 21, 2014 at 2:30 p.m.

[4] The trial date of March 18, 2014 is VACATED. A new trial date will be set at the Final Pretrial Conference.

IT IS SO ORDERED.

DATED:  October 30, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3