UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN P. MORGAN,

        Plaintiff,

   v.

JANET NAPOLITANO, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,

        Defendant.

No.   CIV. S-12-1287 LKK/DAD

**ORDER**

    By minute order dated January 16, 2014, the court vacated the pretrial conference herein, as the parties' joint statement of disputed facts (ECF No. 61) identifies dozens of factual disputes which must be resolved before a productive conference may be held and a pretrial order can issue. In many cases, necessary information (such as the element of the cause of action to which the fact relates, or one or the other party's position on the dispute) has been omitted.

    The disputed facts in question, as set forth in the parties' joint statement, are as follows:

**A.     GENERAL FACTS RELEVANT TO ALL CAUSES OF ACTION**

2.     Whether or not Morgan was subjected to actions and treatment that was different than similarly situated employees. (Secretary Johnson does not agree that this is a fact issue properly before the court for trial, as it does not properly relate or correspond to an element of a relevant cause of action as contemplated by the Scheduling Order [Doc. 24, p. 7].  (Morgan contends that this fact issue relates to his claims that he was treated differently than other employees in retaliation for his own protected activity and for his attorney wife's representation of agency employees and particularly for investigations of misconduct and the application of  discipline.))

3.     Whether Morgan was treated differently than similarly situated employees, younger than he and/or who had not participated in protected EEO activity, and who had engaged in the same conduct as Morgan.  (Morgan contends that this statement should include the following language:  "was married to an attorney representing agency employees, or perceived as perceived aiding and abetting his wife in her representation.")

4.     Whether or not Morgan was compensated for performing higher graded duties from March 1 to June 9, 2005, and from October 9 to November 7, 2005.  (Secretary Johnson does not agree that this is a fact issue properly before the court for trial, as it was never exhausted in the EEO process, and no claims have been made in the Complaint or otherwise that the alleged failure to compensate was the result of discrimination or retaliation. Morgan contends this fact issue is relevant, as being within the scope of the investigation of the administrative complaints or is

2

background evidence.)

5. Whether or not Morgan was commended for his work by his superiors and received numerous commendations and awards for exemplary service. (Secretary Johnson does not agree that this is a fact issue properly before the court for trial, as it is not pertinent what past superiors thought of his performance, or what Plaintiff's past performance was, nor does it relate or correspond to an element of a relevant cause of action as contemplated by the Scheduling Order [Doc. 24 p. 7]. Morgan contends this fact issue is relevant to establish his knowledge, skills and abilities and recognition of superior performance prior October 2005 and his qualifications for promotions)

6. Whether or not Morgan was assigned to high profile cases and security details. (Secretary Johnson does not agree that this is a fact issue properly before the court for trial, as it is not pertinent to the duties of the job he was performing, or any of the jobs for which he applied, nor does it relate or correspond to an element of a relevant cause of action as contemplated by the Scheduling Order [Doc. 24 p. 7]. Morgan contends this fact issue is relevant to establish his knowledge, skills and abilities and recognition of superior performance prior October 2005 and his qualifications for promotions.)

7. Whether or not Morgan was in charge of all security operations and law enforcement utilized for the USDA International Agricultural Ministerial Conference. (Secretary Johnson does not agree that this is a fact issue properly before the court for trial, as it is not pertinent what past superiors thought of his performance, or what Plaintiff's past performance

was, nor does it relate or correspond to an element of a relevant cause of action as contemplated by the Scheduling Order [Doc. 24 p. 7]. Morgan contends this fact issue is relevant to establish his knowledge, skills and abilities and recognition of superior performance prior October 2005 and his qualifications for promotions.)

8. Whether or not Morgan protected U.S. President Clinton and his immediate family at the Olympics in Atlanta, Georgia. (Secretary Johnson does not agree that this is a fact issue properly before the court for trial, as it is not pertinent what past superiors thought of his performance, or what Plaintiff's past performance was, nor does it relate or correspond to an element of a relevant cause of action as contemplated by the Scheduling Order [Doc. 24 p. 7]. Morgan contends this fact issue is relevant to establish his knowledge, skills and abilities and recognition of superior performance prior October 2005 and his qualifications for promotions)

9. Whether or not Morgan was selected to other dignitary protection details for Vice President Gore, United Nations Secretary-General Boutros Boutros-Ghali and former U.S. Representative to the United Nations/U.S. Ambassador Shirley Temple Black, as well as others. (Secretary Johnson does not agree that this is a fact issue properly before the court for trial, as it is not pertinent what past superiors thought of his performance, or what Plaintiff's past performance was, nor does it relate or correspond to an element of a relevant cause of action as contemplated by the Scheduling Order [Doc. 24 p. 7]. Morgan contends this fact issue is relevant to establish his

4

knowledge, skills and abilities and recognition of superior performance prior October 2005 and his qualifications for promotions)

15. Whether or not employees similarly situated to Morgan violated any legitimate employer rules or procedures, knowingly disobeyed orders, disrupted the work environment or willfully interfered with the attainment of his employer's goals. (Secretary Johnson does not agree that this is a fact issue properly before the court for trial, as it is not pertinent what past superiors thought of his performance, or what Plaintiff's past performance was, nor does it relate or correspond to an element of a relevant cause of action as contemplated by the Scheduling Order [Doc. 24 p. 7]).

18. Whether or not then agency unreasonably failed to offer preventative or corrective opportunities to Morgan to avoid harm. (Secretary Johnson states that this is duplicative of statement numbered 16, and does not accurately reflect the language setting forth the standard to be applied.)

**B.   FACTS RELEVANT TO PLAINTIFF'S CLAIM OF AGE DISCRIMINATION**

25. Whether or not Plaintiff would have been promoted to the position of Supervisory Criminal Investigator instead of John Hartman but for his age?  (Morgan contends that the fact issue must be determined with consideration of the totality of the circumstances.)

**C.   FACTS RELEVANT TO PLAINTIFF'S CLAIM OF RETALIATION BASED ON HIS OWN PROTECTED ACTIVITY**

31. Whether or not any such decision would not have been made but for Plaintiff's protected EEO activity.  (Morgan

contends that the fact issue must be determined with consideration of the totality of the circumstances)

**D.   FACTS RELEVANT TO PLAINTIFF'S CLAIM OF RETALIATION BASED ON HIS WIFE'S PROTECTED ACTIVITY**

33.   Whether or not Plaintiff's wife engaged in activity protected under Title VII, the ADA or the ADEA with regard to this agency.  (Morgan contends that this was essentially admitted in the undisputed fact section.  The Secretary disagrees.)

38.   Whether or not any such decision would not have been made but for Plaintiff's protected EEO activity.  (Morgan contends that the fact issue must be determined with consideration of the totality of the circumstances.)

40.   Whether or not Joseph Loerzel, former FPS Region 9 Director, was under criminal investigation in 2005 for improper government credit card use.  (Defendant does not agree that this is a fact issue properly before the court for trial, as it does not relate or correspond to an element of a relevant cause of action as contemplated by the Scheduling Order [Doc. 24 p. 7]. Morgan contends this fact issue relates to Loerzel's motivation for his email disparaging Morgan.)

**E.   FACTS RELEVANT TO PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM**

41.   Whether or not Acting Supervisory Criminal Investigator Ruben Ballestros November 4, 2005, cancellation of Morgan's previously authorized and scheduled "use or lose" annual leave was justified or reasonable.  (Defendant does not agree that this is a fact issue properly before the court for trial, as it does not relate or correspond to an element of a relevant cause of action as contemplated by the Scheduling Order [Doc. 24 p. 7].)

42.   Whether Ballestros' denial of Morgan's request for funeral leave would have occurred but for Plaintiff's age, his prior EEO activity, or the prior EEO activity of his wife or Morgan's aiding or abetting his wife in her representation. (Morgan contends that the fact issue must be determined with consideration of the totality of the circumstances).

45.   Whether or not any decision not to provide Morgan with an FPS criminal investigator/special agent to work with would not have been made but for Morgan's age, or his or his wife's prior protected EEO activity or Morgan's aiding or abetting his wife in her representation. (Morgan contends that the fact issue must be determined with consideration of the totality of the circumstances).

47.   Whether or not on December 6, 2005, Morgan's second line acting supervisor Rudy Negrete demanded without reasonable justification that Morgan travel to San Francisco from the Sacramento are for the purpose of participating in the "Program Review."  (Defendant does not agree that this is a fact issue properly before the court for trial, as it does not relate or correspond to an element of a relevant cause of action as contemplated by the Scheduling Order [Doc. 24 p. 7]. Morgan contends that this fact issue relates to his claims that he was treated differently than other employees in retaliation for his own protected activity and for his attorney wife's representation of agency employees)

49.   Whether or not Negrete's alleged order for Morgan to appear in San Francisco to participate in the ongoing "Program Review" would not have been given but for Morgan's age, or his or

7

1  his wife's prior protected EEO activity.  (Morgan contends that
2  the fact issue must be determined with consideration of the
3  totality of the circumstances.)
4       50.   Whether or not on December 6, 2005, Morgan's second
5  line acting supervisor Rudy Negrete demanded that Morgan travel
6  to San Francisco from the Sacramento area, for the purpose of
7  participating in the "Program Review," contrary to instructions
8  of Deputy Regional Director Russell Oase to accommodate Morgan.
9  (Defendant does not agree that this is a fact issue properly
10 before the court for trial, as it does not relate or correspond
11 to an element of a relevant cause of action as contemplated by
12 the Scheduling Order [Doc. 24 p. 7].  Morgan contends that this
13 fact issue relates to his claims that he was treated differently
14 than other employees in retaliation for his own protected
15 activity and for his attorney wife's representation of agency
16 employees.)
17      53.   Whether or not agents younger than Morgan, or who had
18 not participated in protected EEO activity, were assigned cars
19 similar to the vehicle assigned to Morgan after January 13, 2006.
20 (Morgan contends that the issue should include the language after
21 "EEO activity":  "and/or his or his wife's protected EEO activity
22 or Morgan's perceived aiding or abetting his wife in her
23 representation.")
24      54.   Whether or not Morgan would have been assigned a better
25 vehicle to drive but for his age and/or his or his wife's
26 protected EEO activity.  (Morgan contends the issue should state
27 as follows:  Whether or not Morgan would have been assigned a
28 better vehicle  criminal investigators' vehicle specifications to

8

drive but for his age and/or his or his wife's protected EEO activity or Morgan's perceived aiding or abetting his wife in her representation.  Morgan also contends that the fact issue must be determined with consideration of the totality of the circumstances.  The Secretary disagrees that the assigned vehicle did not meet specifications.)

57.  Whether or not Ballestros' denial of Morgan's request to take funeral leave would not have occurred but for Morgan's age, and/or his or his wife's protected EEO activity, or for Morgan's perceived aiding or abetting his wife in her representation.  (Morgan contends that the fact issue must be determined with consideration of the totality of the circumstances.)

58.  Whether or not the February 9, 2006 denial of Morgan's request for an additional thirty (30) days to submit his response to a proposed suspension while attending intensive training in Georgia and the granting of an additional sixteen (16) days to respond was reasonable or justified.  (Defendant does not agree that this is a fact issue properly before the court for trial, as it does not relate or correspond to an element of a relevant cause of action as contemplated by the Scheduling Order [Doc. 24 p. 7]. Morgan contends that this fact issue relates to his claims that he was treated differently than other employees in retaliation for his own protected activity and for his attorney wife's representation of agency employees.)

59.  Whether or not the denial of Morgan's request for an additional thirty (30) days to submit his response to the proposed five-day suspension, and the grant of an additional

9

sixteen days to respond, would not have occurred but for Morgan's age and/or his or his wife's protected EEO activity, or Morgan's aiding or abetting his wife in her representation.. (Morgan contends that the fact issue must be determined with consideration of the totality of the circumstances).

60. Whether or not on March 23, 2006, a detailed management file related to another employee to which Morgan needed access was missing and could not be located. (Defendant does not agree that this is a fact issue properly before the court for trial, as it does not relate or correspond to an element of a relevant cause of action as contemplated by the Scheduling Order [Doc. 24 p. 7]. Morgan contends that this fact issue relates to his claims that he was treated differently than other employees in retaliation for his own protected activity and for his attorney wife's representation of agency employees.)

61. Whether or not the person or persons responsible for mislaying or removing the file would not have done so but for Morgan's age and/or his or his wife's protected EEO activity, or Morgan's perceived aiding or abetting his wife in her representation. (Morgan contends that the fact issue must be determined with consideration of the totality of the circumstances.)

63. Whether or not Morgan's interrogation on March 12, 2007 by two FPS special agents would have occurred but for his age and/or his or his wife's protected EEO activity, or Morgan's aiding or abetting his wife in her representation.. (Morgan contends that the fact issue must be determined with consideration of the totality of the circumstances.)

1     64.   Whether or not the conduct of the FPS special agents during Morgan's interrogation on March 12, 2007 would have been different but for his age and/or his wife's protected EEO activity, or Morgan's perceived aiding or abetting his wife in her representation. (Morgan contends that the fact issue must be determined with consideration of the totality of the circumstances.)

    67.   Whether or not the September 12, 2007, Cease and Desist Order issued by Acting Regional Director Canton was reasonable or justified. (Defendant does not agree that this is a fact issue properly before the court for trial, as it does not relate or correspond to an element of a relevant cause of action as contemplated by the Scheduling Order [Doc. 24 p. 7]. Morgan contends that this fact issue relates to his claims that he was treated differently than other employees in retaliation for his own protected activity and for his attorney wife's representation of agency employees.)

    68.   Whether Canton would not have issued a "cease and desist" order but for Morgan's age and/or his or his wife's protected EEO activity, or Morgan's perceived aiding or abetting his wife in her representation. (Morgan contends that the fact issue must be determined with consideration of the totality of the circumstances).

    70.   Whether or not the investigation and seizure of Morgan's property was improper and unreasonable. (Defendant does not agree that this is a fact issue properly before the court for trial, as it does not relate or correspond to an element of a relevant cause of action as contemplated by the Scheduling Order

[Doc. 24 p. 7]. Morgan contends that this fact issue relates to his claims that he was treated differently than other employees in retaliation for his own protected activity and for his attorney wife's representation of agency employees.)

71. Whether or not Morgan would have been investigated for improper recording of "all hands" meetings but for his age and/or his or his wife's protected EEO activity, or Morgan's aiding or abetting his wife in her representation. (Morgan contends that the fact issue must be determined with consideration of the totality of the circumstances.)

72. Whether or not Morgan's office would have been searched for improper recordings of "all hands" meetings but for his age and/or his or his wife's protected EEO activity, or Morgan's perceived aiding or abetting his wife in her representation. (Morgan contends that the fact issue must be determined with consideration of the totality of the circumstances.)

73. Whether or not tape recordings in Morgan's office would have been seized but for his age and/or his or his wife's protected EEO activity, or Morgan's aiding or abetting his wife in her representation. (Morgan contends that the fact issue must be determined with consideration of the totality of the circumstances.)

75. Whether or not Special Agent Rivero would not have attended Morgan's handgun qualification but for Morgan's age and/or his or his wife's protected EEO activity, or Morgan's perceived aiding or abetting his wife in her representation. (Morgan contends that the fact issue must be determined with consideration of the totality of the circumstances).

1        76.  Whether or not the December 13, 2007, denial of
2   Morgan's request by Acting SSA Negrete that FPS Inspector and FPS
3   Local 918 Union President David Wright be allowed to ride in
4   Morgan's government owned vehicle and that Morgan be authorized
5   to pick up Wright at the airport upon his arrival was justified
6   or unreasonable.  (Defendant does not agree that this is a fact
7   issue properly before the court for trial, as it does not relate
8   or correspond to an element of a relevant cause of action as
9   contemplated by the Scheduling Order [Doc. 24 p. 7].)
10       77.  Whether or not Morgan's request to allow a union
11  president to ride in his government vehicle would not have been
12  denied but for Morgan's age and/or his or his wife's protected
13  EEO activity.  (Morgan contends that the fact issue must be
14  determined with consideration of the totality of the
15  circumstances.)
16       78.  Whether or not Morgan's request to pick up a union
17  president at the airport would not have been denied but for
18  Morgan's age and/or his or his wife's protected EEO activity, or
19  Morgan's perceived aiding or abetting his wife in her
20  representation. (Morgan contends that the fact issue must be
21  determined with consideration of the totality of the
22  circumstances.)
23       80.  Whether or not Morgan would not have been interviewed
24  by Special Agents Nolasco and Ruiz on December 17, 2007, but for
25  Morgan's age and/or his or his wife's protected activity, or
26  Morgan's perceived aiding or abetting his wife in her
27  representation. (Morgan contends that the fact issue must be
28  determined with consideration of the totality of the

1   circumstances).

2       82.  Whether or not Special Agents Nolasco and Ruiz would
3   have conducted the December 17, 2007 interview differently but
4   for Morgan's age and/or his or his wife's protected activity, or
5   Morgan's perceived aiding or abetting his wife in her
6   representation. (Morgan contends that the fact issue must be
7   determined with consideration of the totality of the
8   circumstances.)

9       83.  Whether or not while Morgan was in a sick leave
10  capacity from December 27, 2007 to December 7, 2008, he was
11  contacted by FPS management officials, employees and government
12  agencies, without due consideration for his physical and mental
13  health.  (Defendant does not agree that this is a fact issue
14  properly before the court for trial, as it does not relate or
15  correspond to an element of a relevant cause of action as
16  contemplated by the Scheduling Order [Doc. 24 p. 7].  (Morgan
17  contends that this fact issue relates to his claims that he was
18  treated differently than other employees in retaliation for his
19  own protected activity and for his attorney wife's representation
20  of agency employees.)

21      84.  Whether or not any contact by FPS management officials,
22  employees and federal government agencies would not have occurred
23  but for Morgan's age and/or his or his wife's protected activity,
24  or Morgan's perceived aiding or abetting his wife in her
25  representation. (Morgan contends that the fact issue must be
26  determined with consideration of the totality of the
27  circumstances).

28      85.  Whether or not Acting Supervisory Special Agent

1  Rivero's April 3, 2008, threat to place Morgan on AWOL status for
2  failure to comply with a demand for additional medical
3  documentation was justified or reasonable.  (Defendant does not
4  agree that this is a fact issue properly before the court for
5  trial, as it does not relate or correspond to an element of a
6  relevant cause of action as contemplated by the Scheduling Order
7  [Doc. 24 p. 7].  (Morgan contends that this fact issue relates to
8  his claims that he was treated differently than other employees
9  in retaliation for his own protected activity and for his
10 attorney wife's representation of agency employees.)

11     87.  Whether or not the agency's request for additional
12 medical documentation would not have been made but for Morgan's
13 age and/or his or his wife's protected EEO activity, or Morgan's
14 perceived aiding or abetting his wife in her representation.
15 (Morgan contends that the fact issue must be determined with
16 consideration of the totality of the circumstances.)

17     88.  Whether or not any threat to place Morgan on AWOL
18 status if he did not comply with the agency's request for
19 additional medical documentation would not have been made but for
20 his age and/or his or his wife's protected EEO activity, or
21 Morgan's perceived aiding or abetting his wife in her
22 representation. (Morgan contends that the fact issue must be
23 determined with consideration of the totality of the
24 circumstances.)

25     90.  Whether or not on April 4, 2008, FPS managers processed
26 medical information appropriately and timely.  (Defendant does
27 not agree that this is a fact issue properly before the court for
28 trial, as it does not relate or correspond to an element of a

1  relevant cause of action as contemplated by the Scheduling Order
2  [Doc. 24 p. 7]. Morgan contends that this fact issue relates to
3  his claims that he was treated differently than other employees
4  in retaliation for his own protected activity and for his
5  attorney wife's representation of agency employees.)

6      91.  Whether or not on April 4, 2008, the FPS managers
7  processing Morgan's medical information were aware of his age
8  and/or his or his wife's protected EEO activity, or Morgan's
9  perceived aiding or abetting his wife in her representation.
10 (Morgan contends that the fact issue must be determined with
11 consideration of the totality of the circumstances.)

12     93.  Whether or not barring Morgan, on June 13, 2008, from
13 entry to both the federal building and the FPS office space
14 without an advanced request, escort and approval while he was on
15 extended medical leave was justified or reasonable.  (Defendant
16 does not agree that this is a fact issue properly before the
17 court for trial, as it does not relate or correspond to an
18 element of a relevant cause of action as contemplated by the
19 Scheduling Order [Doc. 24 p. 7].)

20     95.  Whether or not the instruction to Morgan that he not
21 come into the office while on sick leave absent advance approval
22 would not have been issued but for Morgan's age and/or his or his
23 wife's protected EEO activity, or Morgan's perceived aiding or
24 abetting his wife in her representation. (Morgan contends that
25 this fact issue relates to his claims that he was treated
26 differently than other employees in retaliation for his own
27 protected activity and for his attorney wife's representation of
28 agency employees.)

16

1         96.   Whether or not placing Morgan in an Absent Without
2    Leave (AWOL) status for four (4) hours for not attending an OPR
3    interview was justified or reasonable.  (Defendant does not agree
4    that this is a fact issue properly before the court for trial, as
5    it does not relate or correspond to an element of a relevant
6    cause of action as contemplated by the Scheduling Order [Doc. 24
7    p. 7].  Morgan contends that this fact issue relates to his
8    claims that he was treated differently than other employees in
9    retaliation for his own protected activity and for his attorney
10   wife's representation of agency employees.)
11        97.   Whether or not Morgan would not have been placed on
12   AWOL status for four hours but for his age and/or his or his
13   wife's protected EEO activity, or Morgan's aiding or abetting his
14   wife in her representation or Morgan's perceived aiding or
15   abetting his wife in her representation.. (Morgan contends that
16   the fact issue must be determined with consideration of the
17   totality of the circumstances.)
18        98.   Whether or not the individual(s) who made the decision
19   to place Morgan on AWOL status for four hours knew Morgan's age
20   and/or knew about his or his wife's protected EEO activity, or
21   Morgan's perceived aiding or abetting his wife in her
22   representation. (Morgan contends that the fact issue must be
23   determined with consideration of the totality of the
24   circumstances.)
25        99.   Whether or not the denial of Morgan's November 25,
26   2008, Morgan's request for advanced sick leave was justified or
27   reasonable.  (Defendant does not agree that this is a fact issue
28   properly before the court for trial, as it does not relate or

1  correspond to an element of a relevant cause of action as
2  contemplated by the Scheduling Order [Doc. 24 p. 7]. Morgan
3  contends that this fact issue relates to his claims that he was
4  treated differently than other employees in retaliation for his
5  own protected activity and for his attorney wife's representation
6  of agency employees.)

7      101. Whether or not Morgan's request for advance leave would
8  not have been denied but for Morgan's age and/or his or his
9  wife's protected activity, or Morgan's aiding or perceived
10 abetting his wife in her representation. (Morgan contends that
11 the fact issue must be determined with consideration of the
12 totality of the circumstances.)

13     102. Whether or not the individual(s) who made the decision
14 to deny Morgan's request for advance leave would not have done so
15 but for Morgan's age and/or his or his wife's protected activity,
16 or Morgan's aiding or perceived abetting his wife in her
17 representation. (Morgan contends that the fact issue must be
18 determined with consideration of the totality of the
19 circumstances.)

20     In addition, the joint statement sets forth more than eight
21 pages of "disputed facts profferred by plaintiff [which] were not
22 provided to defendant in time for him to set forth any
23 disagreement." The court has no means of deciding whether to
24 include the disputed facts in the pretrial order.

25     The court requires briefing in order to resolve these
26 issues. Accordingly, the court hereby orders as follows:

27     [1] The parties are DIRECTED to promptly meet and confer to
28         resolve each of the factual disputes above (including

disputes relating to any of the facts that were late-proffered by plaintiff). No later than January 31, 2014, the parties are to file a joint statement which identifies all of the disputes so resolved and sets forth the agreed-upon resolution (either agreed-upon language for the disputed fact or an agreement to omit the disputed fact).

[2] Each party is thereafter DIRECTED to file a brief setting forth (i) each remaining disputed fact; (ii) his position on the disputed fact; (iii) if he is arguing for inclusion of the disputed fact, the element of the relevant cause of action or affirmative defense to which the fact relates or corresponds (references to "the totality of the circumstances" are prohibited); (iv) legal authority for his position (caselaw outside of the federal courts in the Ninth Circuit and the U.S. Supreme Court should be cited <u>only</u> if there is no case on point from these sources); and (v) any argument in support of his position. As a further condition (vi): for each fact, the discussion of points (i) – (v) may occupy no more than one page of text set in double-spaced twelve-point Times New Roman font on pleading paper. The parties' briefs are due no later than February 14, 2014 at 4:30 p.m. Neither party may file supporting evidentiary materials. Failure to follow these conditions will result in substantial sanctions being levied. After receiving the parties' filings, the court will set a new date and time for the Final Pretrial Conference.

[3] The Clerk of the Court is DIRECTED to substitute Jeh Johnson for Janet Napolitano as defendant herein.

IT IS SO ORDERED.

DATED:   January 16, 2014.

```
_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT
```