UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. MORGAN,<br><br>        Plaintiff,<br><br>    v.<br><br>JEH JOHNSON, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>        Defendant. | No. 2:12-cv-01287-TLN-DB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

This matter is before the Court pursuant to Defendant Secretary Jeh Johnson's ("Defendant") Motion for Judgment on the Pleadings as to Plaintiff's first claim. (ECF No. 91.) Plaintiff John P. Morgan ("Plaintiff") opposes Defendant's motion. (ECF No. 92.) Defendant filed a Reply. (ECF No. 93.) Having carefully considered the briefing filed by both parties, the Court hereby DENIES Defendant's Motion for Judgment on the Pleadings as to Plaintiff's first claim (ECF No. 91).

///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves an employment discrimination dispute. (ECF No. 19 ¶¶ 7–12.) Plaintiff was a Criminal Investigator with Federal Protective Services ("FPS"), which later became part of the United States Department of Homeland Security ("DHS"). (ECF No. 19 ¶¶ 3, 21.) Plaintiff's wife, Rayna Becker, is an attorney who between 1998 and 2006 represented DHS employees in discrimination cases against DHS alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination and Employment Act of 1967 ("ADEA"). (ECF No. 19 at 18–19.)

Between 2003 and 2005, Plaintiff was detailed to various temporary positions in San Francisco, California. (ECF No. 19 ¶ 22.) Plaintiff alleges that in numerous meetings between March and August 2005, DHS Deputy Director of Operations Paul Durette complained to former Chief of Region 9's Threat Management Branch Donald Meyerhoff about Plaintiff's wife's representation of agency employees in discrimination complaints against DHS. (ECF No. 19 ¶ 18.) Plaintiff further alleges that in an email dated October 28, 2005, from FPS Region 9 Director Joseph Loerzel ("Loerzel") to Deputy Director Kenneth Ehringer, Loerzel recommended Plaintiff not be selected for the Chief of the Threat Management Branch position. (ECF No. 19 ¶ 28.) Plaintiff alleges Loerzel stated in the email "[P]laintiff's wife is an attorney who handles many of the FPS' regional labor cases . . . Without getting into the weeds and suggesting improprieties, she seems to get background information on these cases that attorneys' usually don't have . . . please keep this correspondence confidential." (ECF No. 19 ¶ 28.)

Plaintiff states that prior to March 2005, he "did not perceive that he was subjected to unfair or discriminatory treatment by his supervisors." (ECF No. 19 ¶ 32.) Plaintiff maintains he had previously been appointed to be acting Regional Director by Loerzel, and was also entrusted with completing an inventory of Loerzel's property that was under criminal investigation. (ECF No. 19 ¶ 32.) Plaintiff alleges that beginning in October 2005 he was subjected to a number of adverse employment actions, resulting in his termination from employment. (ECF No. 19 ¶ 33.)

Plaintiff originally filed suit in 2009. (Case No. 2:09-cv-02649-LKK-DAD, ECF No. 1.) On October 4, 2012, that case was consolidated with the instant case. (ECF No. 18; *see also* Case

No. 2:09-cv-02649-LKK-DAD, ECF No. 116.) Plaintiff filed his First Amended Complaint ("FAC") in this case on October 11, 2012. (ECF No. 19.)

Plaintiff asserts five claims, including a claim Defendant retaliated by punishing Plaintiff, in violation of Title VII, the ADA, and the ADEA, because of Plaintiff's wife's representation of DHS employees in discrimination claims against DHS. (ECF No. 19 ¶ 122–37.) The hearing date for dispositive motions was set for September 26, 2013. (ECF No. 24 at 2.) On June 2, 2016, Defendant moved for judgement on the pleadings as to Plaintiff's first claim, arguing Plaintiff fails to allege protected activity as required to state a Title VII retaliation claim. (ECF No. 91-1 at 1–2.) Plaintiff opposes Defendant's motion. (ECF No. 92)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–1055 n.4 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted).

///

### III. ANALYSIS

Defendant seeks judgment as to Plaintiff's claim Defendant retaliated by punishing Plaintiff because Plaintiff's wife represented DHS employees in discrimination actions against DHS as part of her legal practice. (ECF No. 91-1 at 1.) Defendant argues Title VII retaliation claims must allege retaliation because of protected acts *by an employee*. (ECF No. 91-1 at 5, 7.) Defendant argues Plaintiff's non-employee wife, therefore, could not have engaged in activity which meets Title VII's definition of protected activity. (ECF No. 91-1 at 5, 7.)

Plaintiff argues his claim meets the standard for third-party retaliation because Defendant's actions would dissuade reasonable persons from making or supporting a charge of discrimination. (ECF No. 92 at 1–2.) Plaintiff adds Defendant has not cited binding precedent to the contrary, Senior District Judge Lawrence K. Karlton decided this question in Plaintiff's favor and the law has not changed since, and Defendant filed this motion after the dispositive motion deadline without seeking leave to file. (ECF No. 92 at 3–4, n.2, 7, 8, 10.) Defendant replies Rule 12(c) "generally permits" a party to file a motion for judgment on the pleadings "so long as it is filed early enough not to delay trial," Plaintiff has not been prejudiced, and deciding this question will narrow the issues for trial. (ECF No. 93 at 7.)

"[Courts] scheduling orders are not mere suggestions to be set aside or disregarded at the party's whim." *Sinclair v. Fox Hollow of Turlock Owners Ass'n*, No. 1:03-CV-05439-AWI-SA, 2014 WL 4275470, at *5 (E.D. Cal. Aug. 29, 2014), *report and recommendation adopted sub nom.* Under Rule 16, a court's scheduling order sets the deadlines and course for the litigation. Fed. R. Civ. P. 16(d). A scheduling order may be modified by the court for good cause. Fed. R. Civ. P. 16(b)(4). A showing of good cause requires a showing of diligence of the moving party — that is, even with the exercise of due diligence, the moving party cannot meet the deadline. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the moving party fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. *Id*.

///

///

4

On November 14, 2012, Judge Karlton issued a Status (Pre-Trial Scheduling) Conference Order in this matter setting the hearing date for dispositive motions for September 26, 2013. (ECF No. 24 at 2.) Judge Karlton noted, if "an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff." (ECF No. 24 at 3.) In the same order Judge Karlton added, "ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE VIEWED AS A WAIVER AT THE TIME OF PRETRIAL." (ECF No. 24 at 4) (emphasis original). On April 21, 2014, Judge Karlton issued a Pre-Trial Order, confirming that as of that date, the deadlines had passed for any further motions, other than motions in limine. (ECF No. 73 at 24 ¶ XIII.) Defendant did not move to amend the scheduling order. On June 2, 2016, Defendant moved for judgement on the pleadings. (ECF No. 91-1 at 1.)

Defendant has not shown diligence in filing his motion. Defendant cites four cases, *Thompson v. North Amer. Stainless, LP*, 562 U.S. 170 (2011); *Underwood v. Dep't of Fin. Serv. Fla.*, 518 F. App'x 637 (11th Cir., Apr. 25, 2013); *Howard R. L. Cook & Tommy Shaw Found. Ex rel. Black Emps. of Library of Congress, Inc. v. Billington*, 737 F.3d 767 (D.C. Cir., Dec. 13, 2013); *Johnson-Richardson v. Tangipahoa Parish School Bd.*, No. CIV. A. 12-0140, 2014 WL 994660 (E.D. Louisiana, March 13, 2014). (ECF No. 91-1 at 7–8.) Both *Thompson* and *Underwood* were decided before the September 26, 2013, dispositive motion hearing deadline. *Howard* and *Johnson-Richardson* were decided within six months of the deadline and two to three years before Defendant filed his motion in June 2016.

Defendant explains this delay by arguing that when he filed his timely motion for summary judgment, the law on this point was still developing, so Defendant did not address this issue in his summary judgment motion. (ECF No. 91-1 at 9.) However, as discussed below, Defendant raised the issue previously and the Court twice decided Plaintiff could proceed with his first claim. Further, as discussed below, the cases Defendant cites do not support his argument. Defendant has not shown good cause for filing his motion for judgment on the pleadings so far beyond the dispositive motion deadline. Accordingly, the Court DENIES Defendant's Motion for Judgment on the Pleadings (ECF No. 91).

The Court notes the issue Defendant raises here, retaliation under Title VII, the ADA, and the AEDA because of Plaintiff's wife's activity, is the same issue Judge Karlton decided in his June 2011 Order in the pre-consolidation case, (Case No. 2:09-cv-02649-LKK-DAD, ECF No. 62 at 24–25), and reaffirmed in his December 19, 2013 Order, (ECF No. 58 at 30). Judge Karlton incorporated the reasoning from *Thompson*, noting "the Supreme Court recently held that the anti-retaliation provisions of Title VII do prohibit retaliation against close family members of those who complain about unlawful discrimination, since such retaliation might dissuade employees from filing charges." Case No. 2:09-cv-02649-LKK-DAD, ECF No. 62 at 25 (citing *Thompson*, 562 U.S. at 174). Judge Karlton stated "Plaintiff's wife effectively stands in the shoes of those employees [she represents] and becomes the conduit through which they exercise their Title VII rights." (Case No. 2:09-cv-02649-LKK-DAD, ECF No. 62 at 25).

Judge Karlton reasoned that "[a]llowing Defendant to retaliate against Plaintiff because his wife represented employees suing Defendant for employment discrimination would dissuade her from taking such cases on behalf of Defendant's employees." *Morgan*, 2010 WL 3749260 at *8. Judge Karlton explained "the difficulties in proof and restrictions on damages in employment discrimination cases make it extremely difficult to secure counsel, especially on an individual basis." *Id*. (internal citation omitted). Judge Karlton added that without Plaintiff's wife's representation, "employees that otherwise would have been able to bring discrimination charges against [D]efendant would be less likely to secure counsel and thus no longer be able to exercise their rights to engage in such protected activity." *Id*.

Further, the three other cases Defendant cites are non-binding, non-precedential, and do not support his position. In *Howard R. L. Cook & Tommy Shaw Found. Ex rel. Black Emps. of Library of Congress, Inc. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013), the D.C. Circuit found a suit by a non-profit foundation of current and former Library of Congress ("Library") employees, whose purpose was to help Library employees pursue allegations of racial discrimination against the Library, failed because "[n]owhere does the complaint allege that a particular Library employee" engaged in statutorily protected activity. *Id*. at 772–73. In contrast, Plaintiff, in his First Amended Complaint, identified seven individuals Plaintiff alleges engaged

in statutorily protected activity of pursuing Title VII, ADA, and ADEA complaints against DHS with Plaintiff's wife's assistance. (ECF No. 19 ¶ 19(A)-(G)).

In *Underwood*, the court found the plaintiff had not asserted a third-party retaliation claim similar to that in *Thompson*, that precedent required the court to treat two Florida state agencies as two different employers, and no authority supported allowing suit against an employer for retaliating against its employee because his spouse filed a charge against a different employer. *Underwood*, 518 F. App'x at 643. In *Johnson-Richardson*, the plaintiff alleged third-party retaliatory non-hiring based on her husband's involvement in an ongoing 49-year-old desegregation suit against the school board and his role as a member of the NAACP. *Johnson-Richardson*, 2014 WL 994660 at *8. The court found the plaintiff had not stated a claim under Title VII where neither the plaintiff nor her husband were employees of the defendant at the time of the alleged retaliatory non-hiring. *Id*. at *12. Here, Plaintiff asserts a third-party retaliation claim, the same agency is alleged to have retaliated as was the subject of discrimination complaints, Plaintiff was employed by DHS, and Judge Karlton described Plaintiff's wife as "standing in the shoes" of DHS employees who are alleged to have engaged in protected activity.

Neither party has cited to any other case – and the Court can find none – deciding whether Title VII's anti-retaliation provision applies where the plaintiff's close associate was not an employee exercising statutory rights on her own behalf but represented employees exercising their statutory rights.

### IV. CONCLUSION

The Court hereby DENIES Defendant's Motion for Judgment on the Pleadings as to Plaintiff's first claim (ECF No. 91). The parties are hereby ordered to file a Joint Status Report within thirty (30) days of this Order indicating their readiness to proceed to trial and proposing trial dates.

IT IS SO ORDERED.

Dated: January 4, 2018

Troy L. Nunley
United States District Judge