1  MCGREGOR W. SCOTT
   United States Attorney
2  VICTORIA L. BOESCH
   PHILIP A. SCARBOROUGH
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA  95814
   Telephone:  (916) 554-2700
5  Facsimile:  (916) 554-2900

6  Attorneys for Defendant
   Secretary of Homeland Security
7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  JOHN P. MORGAN,                          CASE NO. 2:12-cv-001287 TLN-DB

12          Plaintiff,

13      v.                                   **PROTECTIVE ORDER**

14  KIRSTJEN NIELSEN, SECRETARY, U.S.        Trial Date:    April 29, 2019
    DEPARTMENT OF HOMELAND                   Time:   9:00 a.m.
15  SECURITY,                                Judge:   The Honorable Troy L. Nunley
                                             Ctrm:  2, 15th Floor
16          Defendant.

17

18          The parties having stipulated to the entry of a Protective Order under Rule 26(c) of the

19  Federal Rules of Civil Procedure and it appearing that such an Order is necessary and appropriate

20  and will facilitate the pre-trial exchange of documents and information, including discovery and trial

21  exhibits, as well as the use of confidential information at trial, IT IS HEREBY ORDERED that:

22          Any documents, responses, electronic data, transcripts or other information, including

23  responses to discovery, which contains information protected by the Privacy Act of 1974, 5 U.S.C.

24  § 552(a), and which is produced or provided to Plaintiff by Defendant in connection with this

25  litigation is designated as Confidential Information subject to the provisions of this Order.

26          Documents designated as Confidential Information in accordance with this Order shall be

27  used solely for the purpose of this action or appeal, and those documents and information, and any

28  information contained therein or reasonably inferred therefrom, shall not be disclosed (other than in

    **PROTECTIVE ORDER**          **1**

court proceedings for this action) to any person other than (1) counsel of record to this Order; (2) Magistrate and District Court Judges assigned to this action and court staff; and (3) Plaintiff John P. Morgan. The parties, including their counsel, may use Confidential Information pursuant to this Order solely for trial preparation and trial of this action. Confidential Information disclosed to any such person shall not be disclosed by him/her to any other person except as permitted in this paragraph.

All Confidential Information produced by Defendant to Plaintiff or his counsel shall be maintained in the office of Plaintiff's counsel of record, and shall not be removed from the office or copied except as necessary to present to the Court in the prosecution of this action or any resulting appeal. The parties shall comply with the provisions of Local Rules 140 and 141 with respect to redactions of documents containing Confidential Information and any requests to file documents containing Confidential Information under seal.

Within sixty (60) days after the final termination of this action, including appeals, Plaintiff's counsel shall (a) destroy or return to opposing counsel all originals and any copies of confidential documents or documents reflecting Confidential Information; and (b) certify in writing that the provisions of this paragraph have been complied with. Notwithstanding this provision, Plaintiff's counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order.

Nothing contained in this Order, nor any action taken in compliance with it shall operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information is, or is not, admissible in evidence.

Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, the attorney work product privilege, or any other privilege.

**PROTECTIVE ORDER          2**

1  The provisions of this Order shall apply to all Confidential Information as set forth in this
2  Order, but shall not apply to information that is in the public domain or becomes part of the public
3  domain after its disclosure as a result of publication not involving a violation of this order, including
4  becoming a part of the public record through trial or otherwise.

5  Nothing in this Order shall prevent any party from using or disclosing their own documents
6  or information, regardless of whether they are designated confidential.

**IT IS SO ORDERED.**

**Dated: April 12, 2019**

Troy L. Nunley
United States District Judge

**PROTECTIVE ORDER          3**